UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | * * * | |
| Plaintiff, | * * | CASE NUMBER |
| vs. | * * | 3: 07CV1087-MEF |
| TIMOTHY BRANDON PARRISH, Defendant. | * * | |

### ANSWER TO COMPLAINT FOR DECLATORY JUDGMENT

COMES NOW the Defendant **TIMOTHY BRANDON PARISH**, by and through his attorney of record Dana P. Gentry, and files this Answer to the Plaintiff's Complaint for Declaratory Judgment and, in support thereof, shows unto this Honorable Court the following:

1. The Defendant is without direct knowledge to admit or deny the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

2. The Defendant denies the allegations set forth in Paragraph 2 of the Plaintiff's Complaint and demands strict proof thereof. The Defendant further avers that he is a citizen of the State of Alabama, and currently resides in Lee County, Alabama.

3. The Defendant admits the allegations set forth in Paragraph 3 of the Plaintiff's Complaint.

4. The Defendant admits in part and denies in part the allegations contained in Paragraph 4 of the Plaintiff's Complaint. The Defendant admits that venue in this matter is proper in the Middle District of Alabama, Eastern Division. The Defendant denies that he is a citizen of Russell County, Alabama. The Defendant further avers that he is a citizen of Lee County, Alabama.

5. The Defendant admits the allegations set forth in Paragraph 5 of the Plaintiff's Complaint.

6. The Defendant admits the allegations set forth in Paragraph 6 of the Plaintiff's Complaint.

7. The Defendant admits the allegations set forth in Paragraph 7 of the Plaintiff's Complaint.

8. The Defendant admits the allegations set forth in Paragraph 8 of the Plaintiff's Complaint.

9. The Defendant admits the allegations set forth in Paragraph 9 of the Plaintiff's Complaint.

10. The Defendant admits in part and denies is part the allegations contained in Paragraph 10 of the Plaintiff's Complaint and demands strict proof thereof:

   a. The Defendant denies the allegations contained in Subsection A, Paragraph 10 of the Plaintiff's Complaint and demands strict proof thereof. The Defendant further avers that he did not make any statements to the state trooper because he was unconscious at that time and for a substantial period of time after the accident. This information was obtained from the Defendant's drivers license;

   b. The Defendant admits the allegations contained in Subsection B, Paragraph 10 of the Plaintiff's Complaint;

   c. The Defendant admits in part and denies in part the allegations contained in Subsection C, Paragraph 10 of the Plaintiff's Complaint. The Defendant further avers that he also receives mail at his mother's address at 759 Lee Road 425, Phenix City, Alabama 36870;

d. The Defendant denies the allegations contained in Subsection D, Paragraph 10 of the Plaintiff's Complaint and demands strict proof thereof;

e. The Defendant denies the allegations contained in Subsection E, Paragraph 10 of the Plaintiff's Complaint and demands strict proof thereof. The Defendant further avers that he made no such representation to the officer and that the officer issuing the citation simply used the address that was listed on the Defendants' drivers license;

f. The Defendant denies the allegations contained in Subsection F, Paragraph 10 of the Plaintiff's Complaint and demands strict proof thereof. The Defendant further avers that he made no such representation to the officer and that the officer issuing the citation simply used the address that was listed on the Defendants' drivers license;

g. The Defendant denies the allegations contained in Subsection G, Paragraph 10 of the Plaintiff's Complaint and demands strict proof thereof. The Defendant further avers that he made no such representation to the officer and that the officer issuing the citation simply used the address that was listed on the Defendants' drivers license;

h. The Defendant denies the allegations contained in Subsection H, Paragraph 10 of the Plaintiff's Complaint and demands strict proof thereof. The Defendant further avers that he was unconscious at the time and that the address that was provided to the ambulance company was obtained from his drivers license.

i. The Defendant admits the allegations contained in Subsection I, Paragraph 10 of the Plaintiff's Complaint;

    j.   The Defendant admits the allegations contained in Subsection J, Paragraph 10 of the Plaintiff's Complaint;

    k.   The Defendant admits the allegations contained in Subsection K, Paragraph 10 of the Plaintiff's Complaint;

    l.   The Defendant denies the allegations contained in Subsection L, Paragraph 10 of the Plaintiff's Complaint and demands strict proof thereof. The Defendant further avers that the motorcycle belonged to his mother, Sammie Platko. The Defendant further avers that the truck that was previously operated by the Defendant was owned by his mother, Sammie Platko.

11.   The Defendant vehemently denies the allegations contained in Paragraph 11 of the Plaintiff's Complaint and demands strict proof thereof. The Defendant further avers that he does reside with his mother, SAMMIE PLATKO, at 759 Lee Road 425, Phenix City, Alabama 36870, and was a resident at said address at all times pertinent to the incident in question. The Defendant further avers that he offers the following facts to show that he resided at his mothers address:

    a.   The Defendant's mother added onto her house to create a room specifically for the Defendant to utilize;

    b.   The Defendant owns horses that are kept at his mother's house that he cares for on a daily basis;

    c.   The Defendant can produce witnesses that will testify that he resides at his mother's address.

12.   That the Defendant further avers that he has been required to retain the services of the Honorable Dana P. Gentry for the necessity of defending this action and the Plaintiff should be required to reimburse the Defendant a reasonable attorney's fee.

WHEREFORE, the premises considered, the Defendant prays for the following relief:

a. That this Honorable Court deny the Plaintiff's Complaint for Declaratory Judgment in its entirety;

b. That the Defendant be granted the relief sought hereinabove;

d. That the Defendant be allowed to amend his pleadings; and

e. For such other, further, and different relief as the Court may deem just and proper.

Respectfully submitted this 7th day of January, 2007.

_____
Dana P. Gentry
Attorney for Defendant
Alabama Bar No.: GEN008

STATE OF ALABAMA
COUNTY OF LEE

## VERIFICATION

The undersigned says that he is the Defendant in the foregoing Answer and that the facts contained herein are true and correct to the best of his knowledge and belief.

This 7th day of January, 2007.

_____
TIMOTHY BRANDON PARISH, Defendant

STATE OF ALABAMA
COUNTY OF LEE

PERSONALLY APPEARED before the undersigned attesting officer, duly authorized by law to administer oaths, **TIMOTHY BRANDON PARISH,** who after being duly sworn, deposes and says that the facts contained within are true and correct to the best of his knowledge and belief.

Sworn to and subscribed before me this 7th day of January, 2007.

_____
Notary Public
My Commission Expires Feb. 19, 2011       (SEAL)

## CERTIFICATE OF SERVICE

I do hereby certify that I am counsel for Defendant and that I have this date served the opposing counsel with a copy of the foregoing **ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT** by placing same in the U.S. Mail, postage prepaid, addressed as follows:

**HONORABLE ALEX L. HOLTSFORD, JR.
NIX, HOLTSFORD, GILLILAND, HIGGINS & HITSON
P.O. BOX 4128
MONTGOMERY, ALABAMA 36103-4128**

This 7th day of January, 2007.

Dana P. Gentry
Attorney for Defendant
Alabama Bar No.: GEN008